OPINION
{¶ 1} On September 30, 2002, appellant, Joshua Yarnell, a twelve year old boy, was charged with one count of assault in violation of R.C. 2903.13 and one count of gross sexual imposition in violation of R.C. 2907.05. Said charges arose from an incident wherein appellant attacked a fellow student while at school.
 {¶ 2} An adjudicatory hearing was held on February 3, 2003. By judgment entry filed same date, the trial court found appellant to be delinquent. A dispositional hearing was held on April 2, 2003. By judgment entry filed April 3, 2003, the trial court sentenced appellant to six months, suspended, and ordered court placement.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The appellant's conviction was against the sufficiency of the evidence and against the manifest weight of the evidence."
 II {¶ 5} "The appellant was denied a fair trial due to prosecutorial misconduct."
 I {¶ 6} Appellant claims his conviction was against the sufficiency and manifest weight of the evidence. We disagree.
 {¶ 7} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 8} Appellant was found delinquent by committing assault and gross sexual imposition which are defined in pertinent part as follows:
 {¶ 9} "No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." R.C.2903.13(A).
 {¶ 10} "No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
 {¶ 11} "The offender purposely compels the other person, or one of the other persons, to submit by force or threat of force." R.C. 2907.05(A)(1).
 {¶ 12} "Sexual contact" is defined in R.C. 2907.01(B) as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."
 {¶ 13} The twelve year old victim, J.M., testified appellant grabbed her arm and pulled her into the boys' bathroom. T. at 6-7. The grabbing hurt her arm and she was scared. T. at 7. Thereafter, appellant touched her "privates," "crotch area," through her clothing with his hand T. at 7-8, 16. J.M. also testified appellant "smacked" her in the face. T. at 10.
 {¶ 14} J.M.'s friend observed J.M. being pushed into the boys' bathroom. T. at 26. When J.M. emerged, she was crying and had a black eye. T. at 26-27.
 {¶ 15} When confronted by the police, appellant admitted to grabbing the victim and pulling her into the boys' bathroom, but claimed the touching of her private area was an accident. T. at 34, 44. Appellant denied smacking her in the face. T. at 35, 41. When questioned further, appellant was unable to explain how he accidentally "touched her between her legs." T. at 34, 44.
 {¶ 16} Appellant argues the "touching" was inadvertent and accidental, and children should be given some latitude. We disagree and find sufficient evidence to support the finding of delinquency, and no manifest miscarriage of justice.
 {¶ 17} Assignment of Error I is denied.
 II {¶ 18} Appellant claims he was denied a fair trial due to prosecutorial misconduct during closing argument. We disagree.
 {¶ 19} The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and if so, whether those comments and remarks prejudicially affected the substantial rights of the accused. State v. Lott (1990),51 Ohio St.3d 160, certiorari denied (1990), 112 L.Ed.2d 596. In reviewing allegations of prosecutorial misconduct, it is our duty to consider the complained of conduct in the contest of the entire trial. Darden v. Wainwright (1986), 477 U.S. 168.
 {¶ 20} Appellant complains of the following statements made by the prosecutor during closing argument:
 {¶ 21} "She [J.M.] was protected at a school, she thought she was protected at a school. She no longer feels safe at a school, because this is what happens at schools now, in her opinion, and that concerns me, Your Honor." T. at 50.
 {¶ 22} We note this case was not heard by a jury, but by the trial court. We presume the trial court is able to separate argument from facts presented in evidence under oath. In addition, we note no objection was made to the complained of statements. An error not raised in the trial court must be plain error for an appellate court to reverse. State v. Long (1978),53 Ohio St.2d 91; Crim.R. 52(B). In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Long. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. at paragraph three of the syllabus.
 {¶ 23} We have reviewed the record and concur with appellant's counsel that J.M. did not testify regarding her safety concerns at school. However, we find the prosecutor's statements did not impact the evidence or J.M.'s credibility. We find no demonstrable prejudice to appellant resulting from the statements.
 {¶ 24} Assignment of Error II is denied.
 {¶ 25} The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed.
Hoffman, P.J. and Wise, J., concur.